**NOTE CHANGES MADE BY COURT**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEVADA FEDERAL CREDIT UNION, a federally chartered credit union,<br><br>Plaintiff,<br><br>v.<br><br>COUNTRYWIDE FUNDING CORPORATION, now known as COUNTRYWIDE HOME LOANS, INC., a New York corporation; BANK OF AMERICA CORPORATION, a Delaware corporation; and DOES 1 through 10,<br><br>Defendants. | Case No. CV10-2040 DSF (JEMx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>First Amend. Compl. filed: May 19, 2010<br>Complaint Filed: February 24, 2010<br>Removal Filed: March 22, 2010<br>Trial Date: Not yet assigned |

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

SM01DOCS789193.6

1  IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff
2  Nevada Federal Credit Union and Defendants Countrywide Home Loans, Inc. and
3  Bank of America Corporation, through their respective counsel, that the following
4  Order may be entered by the Court to give effect to the stipulations set forth below:
5  　　1.　　As used herein, "Confidential Information" shall mean information
6  which constitutes, reflects or discloses confidential, competitively sensitive or
7  proprietary information and/or information that is protected from disclosure to the
8  public by the privacy rights of customers or other third parties, which the
9  designating person wishes to maintain in confidence.  As used herein, "Restricted
10 Information" shall mean information which constitutes, reflects or discloses trade
11 secret information of the designating party; competitively sensitive or proprietary
12 information pertaining to the designating party's operations; and/or information that
13 is protected from disclosure to a non-producing party by the privacy rights of
14 customers or other third parties, which the designating person wishes to maintain in
15 confidence.  Any party to the above-captioned action shall have standing to
16 designate as Confidential Information or Restricted Information any information
17 that was created by or communicated to or from an employee, or agent, of that party.
18 "Designating person" means the party, or third person or entity, who designates
19 documents, testimony or information as Confidential Information or Restricted
20 Information under this Order.
21 　　2.　　All documents or information produced or to be produced by any party
22 in connection with this litigation which have been designated by the producing party
23 as Confidential Information or Restricted Information shall be used only for the
24 purpose of this litigation, including trial preparation and trial.
25 　　3.　　Except as otherwise provided by order of the Court, no document
26 containing Confidential Information, including information contained therein, shall
27 be furnished, shown, or disclosed to any person except:  (1) counsel for the parties
28 to this action and paralegals and other professional personnel employed by said

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

counsel assisting those attorneys in the preparation and trial of this action; (2) retained experts and consultants who are assisting said counsel in preparation and/or trial; (3) representatives of the parties having responsibility for the prosecution or defense of the case; and (4) the Court and jury, as necessary for purposes of trial and/or motions, and/or any appeal.  However, such Confidential Information may be disclosed to a party witness, including current employees of a party, at deposition or trial for the purpose of examining the witness.  Except for purposes of impeachment of a party hereto, prior to disclosing the Confidential Information to the witness, counsel for the examining party shall, if appropriate, advise counsel for the designating party that he or she intends to use Confidential Information with the witness.  Such Confidential Information may be disclosed to a non-party witness at deposition or trial for the purpose of examining the witness.  Prior to disclosing the Confidential Information to the non-party witness, counsel for the examining party shall advise counsel for the designating party that he or she intends to use Confidential Information with the witness, and request that the non-party witness sign the form specified in paragraph 5 of this Order prior to disclosure of the Confidential Information.  If the non-party witness declines to sign the form, counsel for the parties shall at that time meet and confer about whether to proceed with the examination of the non-party witness with regard to the Confidential Information despite the witness' refusal to sign the form.  If counsel cannot agree on how to proceed, the examining party may proceed to examine the non-party witness with the use of the Confidential Information, unless the designating party elects to and states on the record that it will seek a protective order against such examination, in which event the examining party may not continue with examination of the non-party witness using the Confidential Information.  If the designating party elects to seek such relief, any such motion shall be filed within five (5) court days.

    4.  Material designated as "Restricted Information," copies or extracts therefrom and information therein, may be given, shown, made available to, or

1  communicated in any way only to: (1) counsel for the parties to this action and
2  paralegals and other professional personnel employed by said counsel assisting
3  those attorneys in the preparation and trial of this action; (2) retained experts and
4  consultants who are assisting said counsel in preparation and/or trial and to whom it
5  is necessary to disclose such information for purposes of this litigation; (3) the Court
6  and jury, as necessary for purposes of trial and/or motions, and/or any appeal; and
7  (4) the author or a prior recipient of the document containing the Restricted
8  Information.  Material designated as "Restricted Information" shall not be furnished,
9  shown or disclosed to the parties or their representatives, except that such materials
10 may be used to examine any author(s) or recipient(s) of the document, employees of
11 the designating party, or expert witnesses for the designating party who have been
12 provided the Restricted Information.
13       5.     Each person to whom Confidential Information or Restricted
14 Information is disclosed by counsel, other than employees of the designating party
15 testifying during deposition or trial, shall be provided with a copy of this Order.
16 Prior to being given access to these materials, each such person shall acknowledge
17 in writing his or her agreement to be bound by the terms of this Order by executing
18 the form specified in Attachment A hereto.
19       6.     Any attorney who discloses Confidential Information or Restricted
20 Information shall maintain in his or her office an executed acknowledgment in the
21 form of Attachment A from each person to whom such Confidential Information or
22 Restricted Information has been disclosed.
23       7.     In connection with the production of documents in this action, any
24 designating person may stamp, mark or otherwise designate any document
25 comprising, containing or referring to Confidential Information produced or to be
26 produced by it in connection with this litigation as "Confidential Information --
27 Subject to Protective Order."  Similarly, Restricted Information shall be stamped,
28 marked or otherwise designated as "Restricted Information -- Attorney's Eyes Only

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

-- Subject to Protective Order."

8. In connection with the taking of any deposition in this action:

a. The party who noticed or requested the deposition shall, prior to the commencement of testimony at such deposition, serve a copy of this Order upon the officer reporting the deposition. Such officer shall acknowledge service of a copy of this Order, and shall agree that he/she, his/her employees, and his/her agents shall be bound by the terms of this Order, and shall make no use or disclosure of Confidential Information or Restricted Information unless expressly permitted by the terms of this Order, or by the express consent of all parties and any designating person who are or may become subject to the provisions of this Order. Such officer shall provide copies of the deposition transcript or deposition exhibits only to attorneys for the parties and, if the deposition is of a third person or entity, to that deponent or his/her attorney. Depositions at which Confidential Information or Restricted Information is to be disclosed shall be attended only by persons authorized hereunder to have access to such information.

b. Counsel for any party hereto may, either during any such deposition or within thirty days of receipt of the transcript, designate the deposition transcript along with the deposition exhibits, or any portion thereof, as Confidential Information or Restricted Information. If the deposition is of a third person or entity not joined herein, that third person or entity may use the same designation process set forth in this Paragraph.

c. Relating to deposition testimony, the witness or his counsel shall invoke the provisions of this Order by stating on the record during the deposition that testimony given at the deposition is designated "Confidential" or "Restricted." No person shall attend those portions of the depositions designated "Confidential" or "Restricted" unless such person is an authorized recipient of classified information under the terms of this Order, or in the event the parties have agreed to use Confidential Information to examine a non-party witness who has refused to

sign the form specified in paragraph 5 of this Order. Any court reporter who transcribes "Confidential" or "Restricted" testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "Confidential" or "Restricted" testimony is and shall remain as such and shall not be disclosed except as provided in this Order; copies of any transcript, reporter's notes, or any other transcription records of any such testimony prepared by the court reporter, will be marked "Confidential" or "Restricted," as appropriate, and will be retained in absolute confidentiality and safekeeping by such reporter or delivered to the attorneys of record or filed under seal with the Court.

9. When a party to this Order designates the testimony (including proposed testimony) of a person being deposed as Confidential Information or Restricted Information, and objection is made to such designation, such testimony shall not be withheld because such objection has been made to the Confidential Information or Restricted Information designation. Such testimony shall be treated as Confidential Information or Restricted Information until a stipulation or order on motion that it should not be so treated.

10. Any part or parts of this Order may be amended at any time by court order pursuant to written stipulation of the parties hereto or by order of this Court for good cause shown.

11. If a party to this Order objects to the designation of any Confidential Information or Restricted Information, that party shall so notify the designating party in writing, identifying the Confidential Information or Restricted Information as to which objection is made. The designating party shall respond within ten business days from receipt of such notice. If the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Confidential Information, any party may seek a ruling from the Court with respect to the designation(s) to which it has objected. If the parties cannot agree with respect to the treatment to be accorded the material that has been designated as Restricted

1  Information, the designating party must file a motion within five (5) court days
2  seeking an order from the Court approving the designation.  The party seeking to
3  maintain the Confidential Information or Restricted Information shall bear the
4  burden of establishing such status is warranted.  Pending the Court's ruling, the
5  provisions of this Order shall remain in force.

6        12.    The parties shall comply with Rule 79-5 of the Local Rules for the
7  Central District of California in connection with filing or lodging with the Court
8  documents or information designated as Confidential Information or Restricted
9  Information under this Order.  Such documents or information shall be sealed in a
10  clearly marked envelope and opened only upon further direction of this Court.  No
11  documents filed under seal shall be made available to third parties or the public
12  except by further order of this Court or in accordance with the terms, including the
13  permitted uses specified at Paragraphs 3 and 4, of this Order.

14        13.    The execution of this Order shall not, in itself, operate as an admission
15  against or otherwise prejudice any contention of any part on any motion provided
16  for herein, or in any other proceeding or trial in this action, nor shall this Order be
17  taken to constitute a waiver of any party's right to seek relief from the Court from
18  any or all provisions of this Order.

19        14.    Nothing in this Order shall be construed as prejudicing or limiting the
20  right of third persons or entities not joined herein from pursuing any and all
21  remedies available to them.  If such third person or entity chooses to make a
22  Confidential Information or Restricted Information designation in compliance with
23  this Order, the third person shall be deemed to have submitted the question of
24  validity of any challenged designation to the jurisdiction of this Court.

25        15.    This Order shall not prevent or limit any party from using Confidential
26  Information in discovery or at trial.  This Order shall not prevent or limit any party
27  from using Restricted Information at trial or with respect to depositions of those
28  persons authorized under this Order to view Restricted Information.  Additionally,

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

documents or interrogatory responses which have been designated as Restricted Information may be used at the deposition of the party which produced the Restricted Information.  Any document or interrogatory responses designated as Restricted Information and used in a deposition under the terms set forth in this Order which is desired to be attached as an exhibit to said deposition shall be sealed and separately bound from the testimony and exhibits which are not marked as Restricted Information.

16. The terms of this Order shall remain in full force and effect and shall not cease to be in effect because of final adjudication of this litigation.  Upon resolution of this action in the trial court, all Confidential Information or Restricted Information shall be held by counsel pending final resolution of this litigation by appeal or otherwise.  Within 90 days after such final resolution, all documents containing Confidential Information or Restricted Information, including all copies, summaries, and compilations, shall be destroyed or, at the request of producing counsel, be returned.  Each party is responsible for such return or destruction shall certify to all other counsel of record that such destruction or return in fact took place.

17. Notwithstanding Paragraph 16 above, counsel are not required to destroy legal memoranda or opinion letters and other attorney-client privilege or work product document that may contain references to or information extracted from said documents, and all such memos and correspondence may be retained in the attorney's files.  However, the confidentiality of documents and information is otherwise to be protected in accordance with the terms of this Order.

18. Nothing contained in this Order shall preclude any party from applying to the Court for further relief or for modification of any provision hereof.

19. Nothing contained in this Order is intended to or shall be deemed or limit either party from any further use of Confidential Information or Restricted Information (or information derived therefrom) which that party or its agent has

1 itself produced, generated or obtained other than through discovery in this action.

2     20.    Except as specifically provided herein, the terms, conditions and
3 limitations of this stipulation and Order shall survive the termination of this action.

5 Dated: August _6_, 2010      **BRYAN CAVE LLP**
Robert E. Boone III
6      Kristy A. Murphy

7      By: /s/
         Robert E. Boone III
8      Attorneys for Defendants
9      BANK OF AMERICA CORPORATION
and COUNTRYWIDE HOME LOANS,
10      INC.

12 Dated: August _6__, 2010      **HORN & LUSBY LLP**
Paul H. Lusby
13      Robert J. Horn

15      By: /s/
         Paul H. Lusby
16      Attorneys for Plaintiff NEVADA
FEDERAL CREDIT UNION

18                                  **ORDER**

20 IT IS SO ORDERED:

22 DATED: August 11, 2010      /s/John E. McDermott
     JOHN E. MCDERMOTT
23      UNITED STATES MAGISTRATE JUDGE

Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386

# ATTACHMENT "A"

# VERIFIED ACKNOWLEDGMENT

I, the undersigned, do hereby declare:

I have read the protective order in the subject lawsuit regarding confidential and proprietary documents ("Stipulated Protective Order"). I hereby agree to abide by the terms of the Stipulated Protective Order.

Executed this ___ day of _____, 2010, at _____, _____.

_____
[NAME]